FRANKLIN M. BERRY, Complainant and Appellee,
*vs.*
WILLIAM NELSON, impleaded with DOTY, FRATT *et al.*,
Defendants, Appellants.

APPEAL IN EQUITY FROM THE WALWORTH CIRCUIT COURT.

Section 36 of chapter 84 of the Revised Statutes in relation to absent defendants, applies as well to foreclosure suits as to other suits in chancery.

The right of a non-resident defendant to appear and answer, in pursuance of section 36 of chapter 84 Revised Statutes, is a statutory right, of which he cannot be deprived without his consent, though he may have other ·modes of equitable relief.

The effect of letting in the non-resident defendant to answer, in pursuance of the statute, is to set aside all the proceedings as to him subsequent to the entering of his default, including the sale.

A non-resident defendant, coming in and answering in pursuance of section 36 of chapter 84 of Revised Statutes, is not restricted to the pursuit of the proceeds of the sale made under the decree, but he may pursue the estate, according to his equities, as though no sale had been made.

*J. W. Carey*, for the complainant, appellee.

*H. S. Winsor*, for the defendant, appellant.

*By the Court*, SMITH, J. For the better understanding of this case we shall state, as fully as need be, the material facts involved. The bill was filed by the complainant, Berry, July 29th, 1853, to foreclose a mortgage executed the 30th day of September, A. D. 1845, by Reuben M. Doty and his wife, defendant herein, to Robert H. Rowen, which was subseqently assigned to the complainant. On the 6th day of February, 1851, Doty and wife mortgaged the same premises to William Nelson, one of the defendants. The other defendants are incumbrancers subsequent to Nelson. Personal service was had upon Fratt and Taylor only. The others were brought in ·by publication of notice, in conformity with the provisions of the statute. There was no appearance by any of the defendants, and on the 29th day of May, 1854, a decree of foreclosure and sale was

entered in the cause, to satisfy the sum of $100 found to be due to the complainant. On the 21st day of July, 1854, the mortgaged premises were sold under said decree, by the sheriff of Walworth county, to different purchasers, in parcels, for the sum of $170, which sale was confirmed by the court at the October term, 1854. At the May term, 1855, William Nelson filed a petition, supported by affidavits, stating in substance that the said Nelson had been made a party defendant in the cause; that no process had ever been served upon him in said suit; that at the time of filing the bill, of the decree of sale, and order of confirmation, he was a *bona fide* mortgagee of the premises described in the bill, for money lent to the said Doty, for the sum of five hundred dollars, with interest in addition; all of which was due and unpaid; that he had never been a resident of the state of Wisconsin; that at the time of the filing of the bill, and ever since, he had been and now is a resident of Peekskill in the state of New York; that he never appeared in said cause, had no notice of any such proceedings during the pendency thereof, and that no notice had been given him of said decree, and that he had only known of the same since the last term of the court, next preceding; that according to his information and belief, the premises were sold for a sum greatly below their appraised value, and that if a resale could be had they would bring enough to satisfy the petitioners, and all of the complainant's mortgage debt and costs of suit; and prayed that the order to plead, order *pro confesso*, and all subsequent proceedings, might be vacated and set aside, and that the petitioner might be permitted to appear and answer the bill of complaint, upon such terms as the court should deem proper, in the same manner as if he had appeared in due season, and no decree had been made therein, and for other relief. The petition was duly verified, and accompanied with affidavits, which are in no manner important to the principles to be decided.

This petition was opposed, and to defeat its object, several affidavits were presented and read, among which was that of Fratt, one of the appellants herein, which stated that at the time of the sale he, Fratt, was an incumbrancer by mortgage, of said premises, subsequent to the mortgage of the complainant, executed by Doty and wife, for about $700; that he attended the

sale for the purpose of protecting his interest, and in good faith became the purchaser of a portion of the mortgaged premises; that in November, 1854, he entered into an agreement to convey to one Harriman the premises purchased by him, a part of the consideration for which was paid by said Harriman, who entered into possession and has so continued ever since, and that he was bound to convey the same in pursuance of said agreement, to said Harriman, free from incumbrance, on the fulfillment of the contract on the part of the said Harriman.

There was also the affidavit of Alvah Goodspeed, purchaser of another parcel of the mortgaged premises, showing that he was a *bona fide* purchaser at such sale for a valuable consideration, and that he supposed he obtained a good and perfect title thereby; also, the affidavit of Harriman, stating that he contracted with Fratt for the purchase of the parcels of the land bid off by him at the sale aforesaid, had paid part of the purchase money, had been in possession, and had made, or contracted to have made, improvements therein.

After the hearing, the Circuit Court denied the prayer of the petitioner, but ordered that he have leave to file his bill of complaint in the nature of a cross bill *nunc pro tunc*, against Berry and Fratt for an account of, and settlement of the true amount in which the said Doty was indebted to the complainant at the date of the decree, and to compel Berry and Fratt, or either of them, to refund what they, or either of them, have wrongfully recovered or received from the sale of the aforesaid mortgaged premises, together with interest, &c.

We have fully stated the material facts in this case, because it presents a case, upon first view, of very strong equity on the part of the purchasers and their assignee. But we have no doubt that the order of the court below upon the petition filed by Nelson, was erroneous. Were the court at liberty to set aside the positive provisions of the statute, and consider simply the equities of the parties, a case seldom occurs where the claims of an absent party and those of purchasers at a chancery sale, all occurring in apparent good faith, come so directly in conflict, and yet so strongly appeal to the favorable consideration of the court.

But we think that the positive provisions of the statute leave

the court no room for doubt or discretion. It is only by statutory provision that a non-resident can be made a party to a suit in equity, by publication of notice, and such *quasi* subjection of a party to the jurisdiction must, of course, be subject to all the modifications, restrictions, limitations and conditions which the statute prescribes.

Section 36 of chap. 84, Revised Statutes, provides that "in case any such absent defendant, against whom a decree shall be made, shall within six months after notice be given him of such decree, or within three years after such decree shall have been made, if no notice as aforesaid shall have been given, petition the court touching the matter of such decree, shall pay, or secure, or cause to be paid, such costs as the court may think reasonable to order and direct, then and in such case the person aforesaid so petitioning may be permitted to appear and answer the complainant's bill, and thereupon such proceedings shall be had as if such absent defendant had appeared in due season, and no decree had been made; or such absent defendant may within the times aforesaid file his bill of complaint in the said court for an account and settlement," &c.

It appears from the record, that the defendant Nelson was in time, in filing his petition, and though he might have had other modes of equitable relief at his command, he still had the one prescribed to him by the statute, to the full extent which the statute provides, of which he could not be deprived without his own consent.

But it is contended by the appellee, that Nelson was not such a defendant as is contemplated by the statute. The provision of the statute is, however, general, and applies as well to foreclosure suits as others. There is nothing observable, either in the language used, or the subject matter to which it relates, which can warrant the exclusion of suits of this nature from its operation.

Again it is insisted, that even if the defendant Nelson is entitled to appear and answer, such appearance on his part cannot affect the sale made, but he will be bound to pursue the proceeds of the sale accordingly, as his equities shall be made to appear; and to support this position several authorities from New York have been cited. We have taken occasion to examine

Berry vs. Nelson.

those cases, and we find their decision is based upon a peculiar provision of the statute of the state of New York, which is omitted in ours. It should be remarked that the statute of New York, after providing precisely like our own, has the following provision in substance: that this section shall not be so construed as to affect in any way a sale made pursuant to any decree of the court, before filing the petition of such absent defendant. Had our statute contained a similar proviso, our ruling might have been the same as that of the courts of that state, and the cases cited would have been authority in point. But when it is remembered that our statute is copied from that of New York, and that this proviso is omitted, we are not at liberty to supply the omission by judicial construction. Doubtless such omission was intentional on the part of the legislature, and as the decisions in New York are based solely upon such proviso, they are rather authority adverse to, than in support of the position assumed by the appellee.

We have no doubt but that the prayer of the petitioner ought to have been granted, and the order of the court below must be reversed and the cause remanded for further proceedings.[1]

---

[1] Among the acts passed at the session of the legislature of 1856, is the following:

"Section 1. Section thirty-six of chapter eighty-four of the Revised Statutes is amended hereby, by adding to said section the following proviso, to wit: Provided that this section thirty-six shall not be so construed as in any manner to affect the validity of any sale made pursuant to any decree of the court before the filing of the petition or bill by such absent defendant, his heirs, devisees, executors, administrators or assigns."

This amendment was doubtless adopted in view of the questions presented by this case, so that they will not be likely to arise again in future cases.—REPORTER.