FRANKLIN W. BERRY, Appellant,

*vs.*

REUBEN M. DOTY, WILLIAM NELSON, NICHOLAS
D. FRATT et al., Appellees.

APPEAL IN EQUITY FROM THE WALWORTH CIRCUIT COURT.

A non-resident defendant coming in by petition, under the 36th section of chapter
84, Revised Statutes, and complying with the terms and conditions thereof, had
the right to have all the proceedings, as to him, subsequent to default, to be set
aside, and to be let in to defend as though no decree had been rendered.

This right, previous to the amendatory act of 1856, included the setting aside of a
sale previously made; and the passage of the act last named did not deprive such
defendant of such his rights which had been fixed and determined, previous
thereto.

THE bill in this case was filed July 29th, 1853, to foreclose a
mortgage executed the 30th day of September, A. D. 1845, by
Reuben M. Doty and Harriet his wife, to Robert H. Rowen,
which mortgage was subsequently assigned to the complainant.
On the 6th day of February, A. D. 1851, the said Doty and wife
mortgaged the said premises to William Nelson, one of the above
named defendants. All of the other defendants are subsequent
incumbrancers to Nelson. Nicholas D. Fratt and Augustus C.
Taylor were personally served with a subpœna, and all the other
defendants were brought in by notice and publication. None of
the defendants ever entered their appearance in the cause. On
the 29th day of May, A. D. 1854, a decree of foreclosure and sale
was entered in said cause, to satisfy the sum of $100.85 due to
the complainant.

On the 21st day of July, A. D. 1854, the mortgaged premises
were sold by the sheriff of Walworth county for $170, and at the
October term, 1854, of said court, the said sale was confirmed.

At the next term (May, 1855) of said court, William Nelson
filed a petition and affidavit (copies of which had previously been
served upon the complainant's solicitors, and Nicholas D. Fratt

and Alva Goodspeed, the purchasers at the sale of said mortgaged premises), of which the following are copies, to wit:

[*Title, &c.*] "William Nelson, of Peekskill, in the said county and state, the petitioner in the annexed petition named, being duly sworn, saith, in addition to the facts stated and set forth in the said petition by him subscribed, and bearing date the 6th day of March, 1855, that he made the loan of five hundred dollars to Reuben M. Doty, for which the mortgage and bond was taken as security, mentioned and referred to in the annexed petition, through Joseph Nelson, of Raymond, in the county of Racine, in the state of Wisconsin; that at the time the said loan was made, this deponent had not the slightest knowledge or suspicion that the said mortgaged premises were charged or incumbered with any prior mortgage, or liens of any kind; that, as deponent is informed and believes, the said Joseph Nelson was assured, as well by the mortgagor, the said Reuben M. Doty, as by a letter from the then register of the county of Walworth, that no such liens existed at the date of said mortgage, and at the time it was recorded, other or beside deponent's said mortgage; that the first knowledge or information this deponent ever had or received, that any such mortgage as is set forth in the bill of complaint in this cause ever existed, he obtained in November last, on examining the files and records in the clerk's and register's officers at Elkhorn, in the said county of Walworth; that it appears from the papers on file in said cause, that a balance of but eighty-five dollars and sixty cents was claimed to be due on the mortgage upon which this action is predicated.

"This deponent further saith, that the first knowledge, or even intimation, that he ever had or received that any proceedings whatever had been had in the action above entitled, or that any such mortgage as stated in the complaint therein ever existed, was in November last, as before stated. This deponent further saith, that from the best knowledge and information he has received as to the fair and reasonable value of the said mortgaged premises, they are and were actually and reasonably worth at the time of the sale thereof by the sheriff in July last, more than

eight times the sum for which they were then sold by said sheriff; that either of the five parcels, or quarters of the quarter section then sold, was worth more, and as deponent verily believes, double the sum of $170, for which the whole mortgaged premises were sold; that if deponent had have known or been informed of said sale, he would have bid enough to have covered the principal, interest and costs of the mortgage foreclosed, as well as the amount due over his said bond and mortgage, and is now ready to bid, and will, at any future sale of said premises, bid enough to cover the principal, interests and costs of both of the said mortgages; that the whole principal and interest (except seventy-five dollars paid on account of interest), still remains due and unpaid upon deponent's said bond and mortgage."

The petition of the defendant William Nelson respectfully showeth:

"That the bill of complaint in this cause was filed July 29th, 1853, and your petitioner was named as a party defendant therein; that no process in this suit was ever served upon your petitioner, who, at the time of filing said bill of complaint, and of the decree, and of the sale hereinafter mentioned, was, and is now a *bona fide* mortgagee of the premises described in said bill of complaint, for money lent to the said Reuben M. Doty, mortgagor, on the first day of February, 1851, and for which your petitioner holds the said mortgagor's bond and mortgage, bearing date the day and year last aforesaid, for the sum of five hundred dollars, and interest thereon from the date thereof; that your petitioner never has been a resident of the state of Wisconsin, and at the time of filing said bill of complaint, and ever since that time, and now is a resident of the village of Peekskill, in the county of Westchester and state of New-York. And your petitioner further represents, that on the fifth day of October, A. D. 1853, an order was entered in this cause requiring your petitioner and other defendants therein named, to appear and plead, answer, or demur to said bill of complaint, on or before the 31st day of January, 1854; or in default thereof, that said bill of complaint, would be taken as confessed against your petitioner, and the other defendants therein named.

" That subsequently, to wit: on the 27th day of May, A. D. 1854, a decree was entered in this cause, by which, among other things, it was ordered that the said mortgaged premises should be sold, and that your petitioner should be barred and foreclosed of all equity and right in and to the same; that on the 21st day of July, A. D. 1854, the said mortgaged premises were sold by the sheriff of the county of Walworth, to the persons and for the sums hereinafter mentioned, to wit:

" The northeast quarter of the northeast quarter of section four (4), in township number two (2), north of range seventeen (17) east, for forty ($40) dollars ; and the southwest quarter of section thirty-four (34), in township three (3), north of range seventeen (17) east, for thirty ($30) dollars, to Alva Goodspeed.

" The southeast quarter of the southeast quarter of section thirty-three (33), in township three (3), north of range seventeen (17) east, for thirty ($30) dollars; the northwest quarter of the southwest quarter of section thirty-four (34), in township three (3), north of range seventeen (17) east, for thirty ($30) dollars ; and the northeast quarter of the southeast quarter of section thirty-three (33), in township three (3) north of range seventeen (17) east, for forty ($40) dollars, to Nicholas D. Fratt. ·

" That afterwards, to wit: at the October term, A. D. 1854, of said court, the said sale was confirmed by an order of this court; that your petitioner never appeared in said cause, and had no notice of such proceedings during the pendency thereof; that no notice has been given to your petitioner of such decree, and he has only since the last term of said court, to wit: the term last above named, known of the same.

" That your petitioner has been informed, and verily believes the same to be true, that said mortgaged premises, above described, were sold greatly below their real or market value, and that if a re-sale should be had they would bring enough to satisfy your petitioner's and complainant's mortgage debts, and costs of suit.

" Wherefore your petitioner prays this court that the said order to plead, and order *pro confesso*, and all subsequent proceedings in said cause, so far as relates to your petitioner, may be vacated

and set aside, and that your petitioner may be permitted to appear and answer the said bill of complaint, upon such terms as this court shall deem proper, in the same manner as if your petitioner had appeared in said cause in due season, and no decree had been made therein ; or that he may have such other relief in the premises as shall be agreeable to equity. Your petitioner craving leave to. refer to the record of the said cause, and the papers therein, as the foundation of this petition.

" And your petitioner, as in duty bound, will, &c.

"Duly verified, &c."

On the hearing of the foregoing petition, Nicholas D. Fratt, Dudley Harriman and Alva Goodspeed, interposed the following affidavits, in opposition to said petition, to wit :

[These affidavits are not required to be repeated here, as they are set out in a former appeal in this case, reported in 4 *Wisconsin Reports*, 375.]

And after argument, the court directed the following order to· be entered, to wit :

[*Title, &c.*] " On reading and filing the petition and affidavit of William Nelson, one of the above-named defendants, praying that the sheriff's sale of the mortgaged premises in this case may be set aside, and the petitioner may be permitted to appear and answer the said complainant's bill of complaint, or that he might have such other relief in the premises as should be agreeable to equity; and, also, after reading and filing the affidavits of Nicholas D. Fratt, Dudley Harriman and Alva Goodspeed, opposing the relief asked for in said petition; and after the argument of counsel for the respective parties appearing in said cause, it is ordered: That the said prayer of the petitioner be denied, but that the said petitioner have leave to file his bill of complaint in this court, in the nature of a cross-bill, *nunc pro tunc*, against the said Franklin M. Berry and Nicholas D. Fratt, for an account and settlement of the true amount which the said Reuben M. Doty was indebted to the said complainant at the date of the decree made in this cause, and to compel the said Franklin M. Berry and Nicholas D. Fratt, or either of them, to refund and repay what they, or either of them, have wrongfully recovered

or received from the sale of the aforesaid mortgaged premises, together with the interest thereon from the time they, or either of them, so received the same, with costs of suit. But nothing herein contained is to be regarded as any adjudication upon the rights of the respective parties.

"Dated June 1st, 1855."

From which the defendant William Nelson appealed.

At the December term of the Supreme Court, 1855, the said appeal was heard, and on the 12th day of May, 1856, the following order was made in said cause, and the case remanded to the Circuit Court of Walworth county for further proceedings, to wit:

[*Title of cause.*] "This cause came on to be heard on appeal from the order of the Circuit Court of Walworth county, and was argued by counsel.

"In consideration whereof, it is, by the court now here, considered, ordered, adjudged and decreed, that the order of the Circuit Court of Walworth county in this cause, dated on the first day of June, A. D. 1855, and signed on the twenty-third day of October, A. D. 1855, *nunc pro tunc*, be, and the same is hereby reversed, with costs to be taxed against the said appellee, and that this cause be, and the same is hereby remanded, to the said Circuit Court for such further proceedings thereon as may be agreeable to law and equity."

At the September term, 1856, of the Circuit Court of Walworth County, the said William Nelson again moved the Circuit Court, upon the petition, affidavit and other papers filed in said cause, that the order *pro confesso*, and all subsequent proceedings as against the said William Nelson, might be vacated and set aside, upon such terms as the court should deem reasonable, and that he might be permitted to file his answer to said bill, he at the same time tendering an answer, setting out his interest in said mortgaged premises as stated in said petition, and thereupon the following order was made in said cause as follows, to wit:

[*Title of cause.*] "It appearing that this cause has been appealed to the Supreme Court by the said William Nelson, from

a former order made at the June term, A. D. 1855, of this court, and that said order has been reversed, and the cause remanded back to this court for further proceedings, and that the motion of the former term is now renewed, founded upon petition, affidavit and papers heretofore filed in this cause, praying that the order *pro confesso* and all subsequent proceedings as against the said William Nelson, might be vacated and set aside upon such terms as the court should deem reasonable, and that the said William Nelson might be permitted to file his answer (which is here tendered), and said motion being opposed by other parties in interest in said cause, it is ordered and adjudged, that the said motion and prayer of the said William Nelson be, and the same is hereby denied."

From which order Nelson appealed.

*Winsor & Smith*, for the appellant.

*J. W. Carey*, for the appellees.

*By the Court*, SMITH, J. This case has once before been presented to this court for consideration, and is reported in the 4th volume of *Wisconsin Reports, page* 375. It was held on that occasion, that the 36th section of chapter 84 of the Revised Statutes, having relation to non-resident defendants, applied to foreclosure suits as well as to other causes in chancery. It was also held, that by that section of the statute a non-resident defendant had the right, within the time thereby limited, to appear and answer, and become entitled to such proceedings in the cause touching his rights and equities, as though no decree had been rendered.

The defendant Nelson, in this case, was a non-resident, and after a decree of foreclosure and sale had been pronounced, and a sale had taken place of the mortgaged premises, he appeared in due season according to the provisions of said 36th section, and filed his petition to set aside the proceedings as to him, and that he be let in to answer. That petition was denied by the Circuit Court, from which order he appealed to this court, and

at the December term, A. D. 1855, the order of the Circuit Court was reversed, and the cause was remanded for further proceedings.

It appears that between the time of the decision of the appeal and the time when the motion of Nelson to be let in to answer, &c., was renewed in the Circuit Court, the legislature passed the following act, amendatory of section 36 of chapter 84.

"Section 36 of chapter 84 of the Revised Statutes is amended hereby, by adding to said section the following proviso, to wit: Provided that this section thirty-six shall not be so construed as in any manner to affect the validity of any sale made pursuant to any decree of the court before the filing of the petition or bill by such absent defendant, his heirs, devisees, executors, administrators or assigns."

It was in view of this amendatory statute, doubtless, that the Circuit Court denied the prayer of the appellant's petition when last renewed therein. In this, however, we think that court erred. The rights of the appellant had been fixed, as they were defined under the Revised Statutes, by the filing of his petition, and in all other respects complying with the requirements of the thirty-sixth section before mentioned; and most assuredly they were determined by the consideration and judgment of this court, at the former term, and before the amendatory act of the legislature was passed. That amendatory act, therefore, could not operate to impair or defeat rights which had become judicially established under the law as it at the time stood. They were *res adjudicata*, and not subject to legislative repeal.

It is unnecessary to comment further upon this case, referring only again, in conclusion, to the case of *Berry vs. Nelson* (4 *Wis.* 375).

The judgment of the court below is reversed, and the cause remanded.