POWER *vs.* CATLIN et al.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard November 9, 1859.]                    [Decided December 14, 1859.

*Equity—Mortgages—Repeal of Statute.*

After the act allowing a non-resident to come in, by petition, and defend in a chan-cery case, and that the petition should operate to set aside a sale of mortgaged premises, had been repealed, the rights of the defendant to set aside the sale are extinguished by the repeal; and the defendant can only pursue his remedy against the proceeds of the sale.

It is competent for the legislature to repeal an act which has conferred a right on a party to have a decree of a court opened and reheard.

The cases of *Berry vs. Nelson,* 4 Wis., 375, and of *Berry vs. Doty,* 5 Wis., 605, ex-amined and explained.

This case comes to this court upon an order made by the judge of the circuit court of Milwaukee county, denying the petition of the appellants, David W. Catlin, Lorenzo Snow, and E. Porter, to set aside the decree of confirmation of a sale entered in that court. The respondent, David G. Power, filed his bill in the circuit court of Milwaukee county, under the old practice for the foreclosure of a mortgage, making the appellants parties by publication under § 18, of chapter 84, of the old statutes. After publication an order was entered taking the bill as confessed by the appellants, and on the thirty-first day of May, 1855, the usual decree of foreclosure was entered under which the property was sold to Lemuel W. Weeks. On the 15th day of May, 1858, the appellants filed their petition to set aside this sale, on the ground that they were non-residents, and that they had not received notice of the decree, and had a good defense; and an interest as creditors of the defendant and mortgagor, Alanson Sweet. The order permitted them to appear and answer the bill of complaint; but that the sale heretofore made in the cause, be in nowise affected by the order, but stand confirmed. From so much as orders the sale to stand, this appeal is taken.

*E. Mariner,* for the appellant.

*Winfield Smith,* for the respondent.

*By the Court,* COLE, J. It appears to us that chapter 101, Session Laws, 1856, is decisive of the question raised upon this appeal. Section 36, chapter 84, R. S., 1850, provided, that in case an absent defendant, against whom a decree should be made within six months after notice was given him of such a decree, or within three years after the decree had been made, in case no notice had been given, should petition the court touching the matter of such decree, he might be permitted to appear and make a defense to the bill filed, on complying with such reasonable terms as the court might impose. And in the case of *Berry vs. Nelson,* 4 Wis., 375, this court held that this provision of the statute applied as well to foreclosure suits as other suits in

chancery; and that the effect of letting in the non-resident defendent to answer, was to set aside all proceedings as to him, subsequent to the entering his default, including the sale. At the next session after the opinion in the case of *Berry vs. Nelson*, was given, the legislature passed the law of 1856, which provides that sectiion 36, chap. 84, should not be so construed as in any way to affect the validity of any sale made pursuant to any decree of the court, before the filing of the petition of such absent defendant.

The consequences of setting aside sales made under decrees of courts of equity, were at once perceived to be very serious, and no person was safe in buying property in a cause where there was a non-resident defendant, who could come in under this enactment in the R. S. So the legislature very wisely and properly interfered, and provided that when the non-resident was let in to answer pursuant to the statute, the validity of the sale should not in any wise be affected by the proceeding, and the party should pursue his remedy only against the proceeds of the sale. Such is the evident intent and object of the legislature in enacting the amendatory act. We, therefore, think the circuit court properly refused to set aside the sale which had been made on the foreclosure decree in the present case.

It is contended, however, by the counsel for the appellant, that the law of 1856 could not apply to a case which had gone to a decree before the law took effect. The decree of foreclosure was rendered in May, 1855; the sale of the mortgaged property was had in July of the same year, and the sale was confirmed in September following. There is certainly nothing in the language of the law of 1856 which authorizes the conclusion that the legislature did not intend it should apply to a case like the one at bar; and we think it was competent for the legislature to make it so apply, if they saw fit to do so. It is assumed by the counsel for the appel-

lant that this court decided otherwise in the case of *Berry vs. Doty et al.,* 5 Wis., 605; but this is a mistake. The court held that the rights of the appellant in that case had been fixed, as they were defined under the Revised Statutes, by the filing of his petition, and in all other respects complying with the requirements of the thirty-sixth section, and that those rights were determined by the consideration and judgment of the court at a former term, and before the amendatory act was passed ; and, therefore, that the law could not operate to impair or defeat rights which had become judicially establish-ed. But this case is clearly distinguishable from that of *Berry vs. Doty et al.* Here no petition was filed, or application made to the court until more than two years after the law of 1856 went into operation. No rights have become fixed by an adjudication and judgment of the court. It was only by virtue of the thirty-sixth section that the non-resident defen-dent could come in and have the sale set aside. And this right being now taken away, he must pursue his other rem-edies under the statute.

The order of the circuit court refusing to set aside the sale is, therefore, affirmed.