240 PROVIDENT L. & T. CO. *v.* FISS, Appellant.

title was in the defendants' predecessors, is well taken. Such damages do not belong to him, but to other people, and, therefore, cannot be set off by him. Covenants may run with land, but damages arising from broken covenants do not, nor do they inure to subsequent grantees of the title: See Demarest v. Willard, 8 Cowen, 206; Davis v. Lyman, 6 Conn. 249; Adams v. Conover, 87 N. Y. 422; Garrison v. Sandford, 7 Holst. 261; Ladd v. Noyes, 137 Mass. 151, and the cloud of cases upon the same point collected by Judge HARE in his elaborate and learned note to Spencer's Case, 1 Sm. L. C. 165. Rule absolute."

Defendant appealed.

*Error assigned* was the order entering judgment.

*D. H. Stone,* for appellant.

*Howard J. Lukens,* for appellee, was not heard.

PER CURIAM, January 25, 1892.

There is no wheat in this straw. It is all threshed out. This sufficiently appears by the opinion of the learned judge below. The judgment is affirmed for the reasons given by him.

# Fox, Appellant, *v.* Rentschler.

*Counsel fees—Affidavit of defence.*

In a suit for counsel fees plaintiff averred that he had been employed by defendants, two of the executors of a will, and had done a large amount of work for them, much of which was occasioned by their differences with the third executor; that before the account was filed, the defendants had dismissed him, whereupon at the audit he had presented claim for $1,000; that defendants made no objection to the amount claimed and did not deny that the services had been rendered, but that their counsel claimed that the estate should not be charged with the whole of it. The court then allowed plaintiffs $500 without prejudice to his rights against the executors personally for the balance. The defendants averred in their affidavit of defence that the plaintiff had rendered them no service; that he had him employed as counsel for the estate, and had been paid for his services on such employment, that the defendants had never promised to pay him anything, and that his services to the estate were worthless: *Held,* that there was no error in refusing judgment for want of a sufficient affidavit of defence.

Argued Jan. 6, 1892. Appeal, No. 285, Jan. T., 1881, by plaintiff, from order of C. P. No. 4, Philadelphia Co., June T.,

1889, No. 215, discharging rule for judgment for want of a sufficient affidavit of defence. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and HEYDRICK, JJ.

Assumpsit by Henry K. Fox, against George Rentschler and Charles Rentschler to recover $500 for professional services. The plaintiff averred in his statement that he had been employed by the defendants, two of the executors of the estate of John D. Rentschler, deceased, who had become involved in disputes with their brother, the third executor; that in pursuance of his employment he had prepared an answer to a citation, held numerous and lengthy conferences in reference to the accounts, had conferred with counsel of the third executor, with a view to reconcile differences, and had done a large amount of other work, particularly in the preparation of accounts; that before the audit defendants had dismissed him and employed other counsel; that at the audit he presented a claim for $1,000; that defendants had not objected to the amount of the claim and had conceded that the services had been rendered, but that their counsel contended that the whole amount of plaintiff's claim should not be paid by the estate; that the court thereupon allowed plaintiff $500 without prejudice to his rights against the defendants individually. This decision of the orphans' court was sustained by the Supreme Court in Fox's Ap., 125 Pa. 518.

The defendants filed the following affidavit of defence:

The affidavit of defence averred the following facts: " Plaintiff has never rendered any service whatever for the defendants, nor have they ever been indebted to him, nor are they now indebted to him, nor have they ever made any promise to pay him anything.

" It is true that the plaintiff was retained by the defendants, as executors, to prepare and file for them their accounts. When he was retained, he was fully advised of the services which would be expected of him, and he then agreed that he would prepare and file the said account for a fee of $500, which was to cover all the professional work to be done by him in the preparation of the said account, both as accountant and as a lawyer.

"Plaintiff failed to perform his agreement. He attempted to prepare a report to file, but finally secured the services of an accountant, who prepared an account. Defendants never dismissed plaintiff, and never told him that they would secure the services of other counsel, and never took the papers of the case away from him until he declined to longer represent them. The accountant for his work, which was of no benefit whatever to the estate, was awarded by the court $900; and the plaintiff for his work, which was of no benefit whatever to the estate, was awarded by the court $500. The account, as finally filed, was prepared by other counsel, whose fee was paid by the estate.

"The plaintiff has never performed for the defendants any service whatever, excepting for them as executors, and the amount of his fee, as fixed by the court, for such services has been paid him.

"The defendants are advised that the statement of the plaintiff is defective, in that it does not set forth anywhere the services which the plaintiff alleges he rendered to the defendants, nor the worth of the same."

The court discharged a rule for judgment for want of a sufficient affidavit of defence. Defendant appealed.

*Error assigned,* was the order of court as above.

*Edward H. Weil,* for appellant.

*A. M. Beitler,* for appellee, was not heard.

PER CURIAM, January 25, 1892.

Upon the facts as stated in the affidavit of defence we think the court below was right in refusing judgment. The case does not require discussion.

Affirmed.