### WILLIAM HECHT v. WILLIAM F. TAUBEL ET AL.

An agreement to pay money for a recipe for dyeing hosiery a certain shade of black contained this clause,"money to be paid Aug. 13, 1892, if the color is right." *Held—*

1. That the agreement to pay was subject to the performance and happening of conditions precedent, viz., (1) that a recipe should have been imparted capable of producing the required color, and (2) that by the day named such color had been produced by the use of the recipe by those to whom it was imparted.

2. There arose thereon an undertaking that the recipe should be used fairly and in good faith, so that the required color might be produced by the day named.

3. A count upon the agreement, which undertook to show liability by special averments of performance, was faulty in that it did not aver that the event mentioned had happened by the day named or that defendants, by some willful or fraudulent act, or by neglect to act, had prevented its happening.

---

On demurrer to the first count of plaintiff's declaration.

The count demurred to is founded upon the following writing, which is annexed to the declaration and referred to in the count as so annexed :

"RIVERSIDE, Burlington Co., N. J., Aug. 2, 1892.

"We the undersine do heare by agree to Wm. Hecht the sum of four hundred dollars $400$\frac{00}{100}$ for the receit of fast black on hoisery the black must be as good as the samples he has dyed for us July 15, 1892 we will make the allowance of a half a shade in color money to be paid Aug 13 1892 if the color is right.

(Signed)    "TAUBEL & BRO."

The count sets forth the agreement contained in the writing and then avers that " on the day    *    *    *    and in consideration thereof the said plaintiff gave and imparted to the said defendants the recipe for fast black in hosiery in the said note or writing named, of the character and quality as therein required, by means whereof    *    *    *    defendants then and there became liable to pay to the said plaintiff the said sum of money in the said note or writing specified, and being so liable," &c.

Argued at February Term, 1893, before BEASLEY CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff, *Charles E. Hendrickson.*

For the defendant, *Joseph H. Gaskill.*

The opinion of the court was delivered by

MAGIE, J.    The causes of demurrer relied on contain some which raise the question whether the count demurred to sufficiently shows that the money sued for has become due and payable.

The agreement set forth in the first count is evidently one for the payment of money at a specified time, not generally, but only upon the previous performance or happening of conditions precedent.

By the provisions of section 126 of the Practice act the pleader may aver the performance of conditions precedent, generally. In the count in question the pleader has specially averred the performance from which he deduces the liability of defendants.

One of the conditions precedent in this agreement is that plaintiff should have imparted to defendants a recipe capable of dyeing hosiery a fast black as good as the samples which plaintiff dyed for defendants July 15th, 1892, within a half shade of color.

If this were the only condition, the special averment of performance contained in this count is probably sufficient to justify the pleader's deduction that the money had become due and payable.

But there is another condition, in the nature of a contingency, which is found in the words "money to be paid Aug. 13, 1892, if the color is right." As I construe this clause the liability to pay is thereby made to depend upon the happening of an event by the date named, viz., the production of color required by the use by defendants of the recipe imparted. They imply an undertaking on the part of defendants that they will fairly and in good faith use the imparted recipe, so that the event may happen by the day named.

The case is within the class of which *Holdipp* v. *Otway*, 2 *Saund.* 106, is an example, in which the parties expressly agree that the liability shall depend upon the happening of a future event. It is well settled that in actions upon such agreements it must be averred that the event upon which the money is to be paid has happened or that the defendant has improperly prevented its happening. *Hinds* v. *Henry*, 7 *Vroom* 328; *Titus* v. *Cairo*, &c., 17 *Id.* 393.

In order to show that defendants were liable upon the agreement in this case the count should contain, not only an averment that plaintiff had imparted to defendants such a recipe as was stipulated for, but also an averment that the color required had been produced at or before the time named by the use by defendants of such recipe, or that defendants,

by some willful or fraudulent act, or by neglect to act, had prevented the happening of that event, in violation of their undertaking.

For this reason the count is defective, and defendants are entitled to judgment on the demurrer.