THE CONSOLIDATED TRACTION COMPANY, PLAINTIFF IN ERROR, v. HENRY HONE, ADMINISTRATOR OF EDWARD HONE, DECEASED, DEFENDANT IN ERROR.

1.  In a suit to recover damages under the statute for death occasioned by the negligent act of another, the court divided equally upon the question whether contributory negligence on the part of the sole next of kin will defeat the action.
2.  In such action funeral charges are not recoverable as part of the damages under the statute.

On error to the Supreme Court.

For the plaintiff in error, *Depue & Parker.*

For the defendant in error, *Thomas F. Noonan, Jr.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This suit was brought, under the statute, by Henry Hone, the father of Edward Hone, an infant of the age of four years and seven months, to recover the damages with reference to the pecuniary injury resulting to the plaintiff, as the next of kin, from the death of his minor child, which was caused as is alleged by the negligence of the traction company.

The statute upon which this suit is based provides, first, "that whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action, and recover damages in respect thereof, then and in every such case the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action of damages notwithstanding the death of the person injured," &c.

The second section provides that the suit shall be brought by the personal representative of the deceased for the exclusive benefit of the widow and next of kin, and that the jury

may give such damages as they shall deem fair and just with reference to the pecuniary injury resulting from such death to the wife and next of kin of such deceased person.

The father, who instituted the suit below, is not only the personal representative, but is also the sole next of kin of the deceased infant.

It was insisted on behalf of the traction company in the trial court, first, that the traction company could defeat the action if it could show that the death in question was in part the result of the negligent conduct of the sole next of kin, although such negligence is not to be imputed to the infant; second, that the father could not recover in such suit for the funeral expenses of his deceased son, which were paid by him.

The trial court decided both these questions adversely to the traction company, and the judgment of the trial court was affirmed by the Supreme Court.

The case is before us by writ of error to review the judgment of the Supreme Court.

In regard to the first question this court is equally divided, and therefore no opinion is expressed.

The second question will be the only subject for discussion.

By the common law no action will lie for an injury caused by the death of a human being. *Grosso* v. *Delaware, Lackawanna and Western Railroad Co.*, 21 *Vroom* 317; *Myers* v. *Holborn*, 29 *Id.* 193.

This action being the creature of the statute, such damages only can be assessed as are clearly within the contemplation of the positive law.

Lord Campbell's act (9 and 10 *Vict.*, c. 93) provides for an action by the next of kin in case of death caused by wrongful act or neglect, and "that in every such action the jury may give such damages as they may think proportioned to the injury resulting from such death to the parties respectively for whom and for whose benefit such action shall be brought."

The interpretation of this statute was involved in the case of *Dalton* v. *Southeastern Railway Co.*, 4 *C. B.* (*N. S.*) 296.

That action was brought by the father as administrator of his son, who had been killed through the negligence of the defendant company's servants.

The court unanimously held that the jury might find that the father had a reasonable expectation of pecuniary benefit from the continuance of his son's life, and that damages might be given in respect of that expectation being disappointed and the probable pecuniary loss thereby occasioned.

But the court refused to allow the expenses for the funeral and mourning, saying: "The subject-matter of the statute is compensation for injury by reason of the relative not being alive, and there is no language in the statute referring to the cost of the ceremonial of respect paid to the memory of the deceased in his funeral or in putting on mourning for his loss."

The construction put upon this statute by the English courts is that "the only injury resulting from such death" which the court can notice is pecuniary loss. *Blake* v. *Midland Railway Co.*, 83 *Eng. Com. L.* 93.

Our statute has uniformly received a like construction.

In *Paulmier* v. *Erie Railroad Co.*, 5 *Vroom* 151, Chief Justice Beasley, in delivering the opinion of the court, said that "the pecuniary injury designated by the statute is nothing more than a deprivation of a reasonable expectation of a pecuniary advantage which would have resulted by a continuance of the life of the deceased, and it is upon this principle that our statute is to be applied."

*Demarest* v. *Little*, 18 *Vroom* 28, is to the same effect.

Under this interpretation of the statute there is no language in it which refers to funeral expenses. Such disbursements are not included by the term "pecuniary advantage which would have resulted by a continuance of the life of the deceased."

The damages recoverable are for those benefits only of which the next of kin are deprived by the decedent not living, and are to be distributed among the widow and next of kin,

to the exclusion of creditors. *Kinney* v. *Central Railroad Co.*, 5 *Vroom* 274.

No part of the sum recovered can be applied to the payment of funeral expenses.

The estate of a decedent is liable for the payment of his funeral expenses, and they cannot properly be considered to constitute a deprivation of a pecuniary advantage, resulting from his death, to the next of kin. Death must inevitably occur to all, and when it is occasioned by the wrongful act of another the necessity for the payment of funeral charges is not thereby created; the time for payment is merely advanced.

In our opinion there was error in permitting funeral charges to be included in the compensation awarded to the next of kin, and the judgment below should therefore be reversed.

*For affirmance*—GARRISON, LUDLOW. 2.

*For reversal*—THE CHANCELLOR, COLLINS, DEPUE, GUMMERE, VAN SYCKEL, BOGERT, HENDRICKSON, NIXON. 8.