66    NEW JERSEY SUPREME COURT.

Vail v. Penna. Fire Ins. Co.    *67 N. J. L.*

## CHARLES T. VAIL v. THE PENNSYLVANIA FIRE INSURANCE COMPANY.

## THE SAME v. THE AMERICAN FIRE INSURANCE COMPANY.

Submitted July 5, 1901—Decided November 11, 1901.

Where a policy of insurance requires that satisfactory proof of loss shall have been received by the insurer a specified time before the loss shall become payable, a general averment, in the declaration in a suit for a loss covered by such policy, of performance of conditions precedent will, under section 126 of the Practice act (*Gen. Stat.*, *p.* 2554), embrace such condition of time as well as that of receipt.

On demurrer to declarations.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GARRISON and COLLINS.

For the plaintiff, *Martin Wyckoff*.

For the defendants, *Edward M. Colie*.

The opinion of the court was delivered by

COLLINS, J.  These two cases are alike.  The declaration in each is entitled of the 26th day of February, 1901, and its first count, to which alone the defendant demurs, sets up a contract made July 21st, 1900, in this state, insuring the plaintiff for one year against loss or damage by fire to the extent of $400 upon his stock in a country store and of $100 upon mill fixtures, flour, feed and grain, all in the same building, in this state.  It is then averred that, on July 31st, 1900, the insured property was totally destroyed by fire, and that the plaintiff has performed all conditions precedent to recovery therefor, and the count concludes with formal allegations of *assumpsit* and breach.

A copy of the policy of insurance is annexed to the declaration and made a part thereof. It contains many conditions, those pertinent being as follows:

"This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; said ascertainment or estimate shall be made by the insured and this company, or if they differ then by appraisers as hereinafter provided; and, the amount of loss or damage having been thus determined, the sum for which this company is liable, pursuant to this policy, shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy.

"If fire occur the insured shall give immediate notice of any loss thereby in writing to this company  *  *  *  and within sixty days after the fire  *  *  *  shall render a statement to this company signed and sworn to by said insured  *  *  * stating the knowledge and belief of the insured as to the time and origin of the fire, the interest of the insured and all others in the property, the cash value of each item thereof and the amount of loss thereon.  *  *  *  In the event of disagreement as to the amount of loss the same shall, as above required, be ascertained by two competent and disinterested appraisers, the insured and this company each selecting one.  *  *  * And the loss shall not become payable until sixty days after notice, ascertainment, estimate and satisfactory proof of the loss herein required have been received by this company, including an award by appraisers when appraisal has been required."

The ground of demurrer is that it does not appear that the plaintiff's right of action has accrued in point of time and that such a prerequisite is not within the general averment of performance of conditions precedent permitted by statute. To

this view we do not assent.  It does sufficiently appear that the action was not begun until there had elapsed more than sixty days after the fire, and thus the plaintiff's right of action *may have* fully accrued.  The only question therefore is as to the scope and effect of the statute to which reference is made.  It is section 126 of the Practice act (*Gen. Stat., p.* 2554), and reads as follows:

"The plaintiff or defendant in any action may aver performance of conditions precedent generally, and the opposite party shall not deny such averment generally but shall specify in his pleading the condition precedent the performance of which he intends to contest."

This is a highly remedial provision and should be liberally construed.  It not only dispenses with the former rigor in declaring a right, but it also imposes a burden on him who disputes the right asserted.  This is but just.  One intending to contest the performance of conditions should disclose his intention.  It is unreasonable to exact pleading and proof of that which may be conceded.  At common law, in actions on the case upon promises, although performance of conditions precedent should be formally and specifically pleaded by the plaintiff, the defendant might, under the general issue, compel proof as to each of them.  *DeWees* v. *Manhattan Insurance Co.*, 5 *Vroom* 244, 253.  Under this statute, in case of general averment of performance, he must specify in his pleading the point of contest.  This tends to expedition and works no hardship.

What is the real condition now involved that under the policy in suit must be performed?  Plainly that, at least sixty days before suit for a loss covered by the policy, satisfactory proof of such loss shall have been received by the company.  Not merely that such proof shall have been received, that is but part of the condition.  Suppose that the condition read in terms that the insured should sixty days before suit furnish satisfactory proof of loss, can it be doubted that a general averment of performance would suffice?  Such really is the condition in effect though not in form.  If time is embraced in any requirement, a general averment of fulfillment will like-

wise embrace that element. In *Woolsey* v. *Abbett,* 36 *Vroom* 253, it was held, with reference to an admission of notice required by law to be of ten days, that "due service" means service made in *proper time* and proper manner.

Such a case as that before us comes within the mischief of the old law and should be held to be within the remedy of this statute. If lapse of time must be declared and proved, a defendant may, under the general issue, and without warning, take advantage of a mistake—perhaps only of a day—in reckoning the time or a mistake as to when the proof of loss was received by the company and thus, because of a short limitation of suit in the policy, defeat a just claim, whereas if it be made compulsory to specify non-performance of the condition in point of time as well as in other respects the fault may be remedied by a new action before it is too late. Other like considerations suggest themselves. What a plaintiff must declare he must *prima facie* prove, and the defendant may disprove. If the construction we are giving to the statute be not adopted, then when a plaintiff puts in evidence the formal verified statement left with the company upon a certain day, the defendant may offer testimony of a difference between the insured and the company which, under the policy, called for appraisal by disinterested persons and an issue on that subject will be raised, or the defendant may offer testimony of objections to the statement not met by the insured, for it is only after receipt of *satisfactory* proof of loss that the sixty days begin to run, and an issue on that subject will be raised. Thus will the beneficial purpose of the statute be made frustrate and much of the evil sought to be removed will still exist. Unless driven to it by authority we will not so cripple the enactment.

We are referred by defendant's counsel to cases in California (44 *Cal.* 264, 78 *Id.* 181) and Wisconsin (5 *Wis.* 605) where the courts of those states have decided that a stipulated lapse of time after receipt of proof of loss, though a prerequisite, is not a condition precedent to a suit to recover on a policy of insurance. In each case there was an attempt to aver specially the furnishing of the required proof, without statement of time; and the holding was that the defective

averment was not aided by a general one under a statute like ours. It may be arguable that, even in such a case, a specific averment must be technically exact; but, be that as it may, we disapprove those decisions. They are too narrow and give no effect to the spirit of the remedial legislation. In a later case in Wisconsin an averment that "more than sixty days prior to the commencement of this action the said Rossell [the insured] fully complied with all the conditions of said contract," &c., was held sufficient. *Bank of River Falls* v. *German-American Insurance Co., 72 Wis.* 535. If compliance to be effective must have been before the time named, we do not see why the element of time should not be implied in a general averment of compliance; and it is evident that, by the device approved, the problem is not solved, for under such an averment the same embarrassments will arise that have above been pointed out in a case of a direct averment of receipt of proof of loss the specified time before suit brought.

The only reported case in this state throwing any light on the question raised by the pending demurrer is *Hecht* v. *Taubel, 26 Vroom* 419, which also arose on demurrer. Mr. Justice Magie, who spoke for this court, said: "By the provisions of section 126 of the Practice act the pleader may aver the performance of conditions precedent generally. In the count in question the pleader has specially averred the performance from which he deduces the liability of defendants." He then goes on to show that in such a special averment the element of time must be embraced if, in the condition, time is essential. The plain inference is that there is no such necessity in case of a general averment under the statute.

In our opinion the statutory provision cited embraces the condition of time as well as that of receipt by the company and every other condition precedent.

The demurrers will be overruled.