PHILIP G. CALLAGHAN v. LAKE HOPATCONG ICE COMPANY.

Submitted December 5, 1902—Decided February 24, 1903.

Where a son, who stands in the relation of a servant to his father, is disabled by the tortious act of another, the father may maintain an action *per quod servitium amisit* against the tort-feasor, and therein recover the damages sustained by him during the son's lifetime, notwithstanding that in consequence of the same tortious act the son dies at a later time.

---

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the plaintiff, *Benjamin W. Ellicott.*

For the defendant, *Colie & Duffield.*

The opinion of the court was delivered by

PITNEY, J.   This is an action of tort, and in the declaration the plaintiff is described as "Philip G. Callaghan, the father of William H. Callaghan, a minor, deceased." There is no averment that the plaintiff has letters of administration upon the estate of his son. The declaration sets forth that the defendant employed the said William H. Callaghan to work in and about a certain ice-house, and the structures connected therewith, for hire paid by the defendant to the said William H. Callaghan, and that, by reason of the negligence of the defendant in and about the construction and operation of the machinery and appliances of said ice-house, the said William H. Callaghan received certain personal injuries, from which he afterwards died; that, at the time of his death, he was a minor under the age of twenty-one years, and that the plaintiff is the father of the said William H. Callaghan, and, by reason of the premises, was forced to expend, and did necessarily expend, certain moneys for medical attendance upon the son between the time of his injury and the time of his death, and certain other moneys in and about the burial of the son, and that, as the father of the said William H. Callaghan, the plaintiff has been deprived of his services from the date of his injury until the time when he would have attained the age of twenty-one years, and has sustained great damage, &c.; whereby and by force of the statute in such case made and provided an action hath accrued to the plaintiff, who is the father of the said William H. Callaghan, to demand and have of and from the defendant the several sums above demanded, &c.

To this declaration a general demurrer has been interposed, on the ground that no action can be maintained for the recovery of damages by reason of the tortious killing of a human being, excepting only the action that is permitted by statute to be brought by the administrator for the benefit

of the widow and next of kin. *Gen. Slat., p.* 1188, §§ 10, 11, 12.

It is entirely settled that, except for the statute, no civil action lies for the damage caused by the death of a human being. *Grosso* v. *Delaware, &c., Railroad Co.,* 21 *Vroom* 317; *Myers* v. *Holborn,* 29 *Id.* 193; *Fitzhenry* v. *Consolidated Traction Co.,* 34 *Id.* 142.

But in the present declaration there is no claim for compensation by reason of the death of the plaintiff's son. It appears that death did not result instantly from the injury sustained, as in the Grosso case; but, on the contrary, that the plaintiff's son lived for some time after he was hurt. The claim is (*a*) for the cost of medical attendance during his life; (*b*) for the burial expenses, and (*c*) for the loss of the services of the son from the date of the injury until the time when he would have attained the age of twenty-one years.

For the burial expenses it is plain there can be no recovery. They could not be recovered even by the personal representative. *Consolidated Traction Co.* v. *Hone,* 31 *Vroom* 444.

As to the loss of services, we are of opinion that a father may recover these, if a son who stands to him in the relation of a servant is disabled by reason of the tortious act of another, notwithstanding that, in consequence of the same act, the son dies at a later time. The damages, however, must, of course, be confined to the period of the son's life, and will not extend to his expected majority if death sooner occurred. The action for damages, *per quod servitium amisit,* pertains to the relation of master and servant, and not to the mere relation of parent and child. *Coon* v. *Moffitt,* 2 *Pen.* 583; *Van Horn* v. *Freeman,* 1 *Halst.* 322; *Sutton* v. *Huffman,* 3 *Vroom* 58; *Ogborn* v. *Francis,* 15 *Id.* 441.

In an action tried before Lord Ellenborough, in 1808, where a part of the damages claimed by a husband was for the loss of *consortium* of his wife, who was injured through defendant's negligence and died from her injuries about one month later, the learned judge instructed the jury to limit these damages to the period that intervened between the time

of the accident and the time of the wife's death. *Baker* v. *Bolton,* 1 *Campb. N. P.* 493.

In 20 *Am. & Eng. Encycl. L.* (*2d ed.*), *tit. "Master and Servant,"* 184, the rule is thus expressed:

"In case the servant dies shortly after the infliction of the injury, the right of the master to recover is limited to the loss of services sustained between the time of the accident and the death of the servant."

With respect to the expenses alleged in this declaration to have been necessarily incurred for medical attendance upon the injured son, we see no reason why they may not be recovered if the relationship of master and servant existed, notwithstanding the doubt intimated on this point in *Hall* v. *Hollander,* 4 *Barn. & C.* 660. In actions for seduction of a daughter and servant, the lying-in expenses are commonly allowed to be recovered. 2 *Chit. Pl.* 643, and *note.*

The declaration before us shows that the party injured was the plaintiff's minor child, and that, by reason of the hurts sustained through defendant's negligence, the plaintiff has been deprived, during some period, of the son's services. The right of the father to the son's services is to be presumed from the minority of the latter, unless emancipation appears. *Van Horn* v. *Freeman,* 1 *Halst.* 322; *Noice* v. *Brown,* 10 *Vroom* 569.

Although the declaration shows that at the very time of the occurrence in question the son was in the employ of the defendant, for hire paid by the defendant to the son in that behalf, it does not follow that the son had been emancipated. The employment under the defendant may have been for a limited time and purpose.

The plaintiff is entitled to judgment on the demurrer.