CHARLES T. FERGUSON v. DELAWARE AND ATLANTIC TELEGRAPH AND TELEPHONE COMPANY.

Argued February 19, 1904—Decided June 13, 1904.

A declaration in a suit by a father for injuries resulting in the death of his son, which fails to show any loss of services during the son's lifetime, and claims only for burial expenses and loss of services after the son's death, fails to show a cause of action.

On demurrer to declaration.

Before GUMMERE, CHIEF JUSTICE, and Justices DIXON, GARRISON and SWAYZE.

For the defendant, *Edward A. Day.*

For the plaintiff, no appearance.

The opinion of the court was delivered by

SWAYZE, J. This action is brought by a father to recover damages for the death of his son. It is not an action brought under the Death act by an administrator. The declaration avers that the plaintiff's son, an infant of the age of nine years, came in contact with a wire of the defendant company and was so injured that he died "on the day and year aforesaid;" and that, as the father of the deceased, he was obliged to pay the burial expenses and has been deprived of the services of the deceased "from the date aforesaid for all times hereafter." The only damages claimed by the declaration as the result of the injury are the burial expenses and the loss of service from the day of the decedent's death.

We have recently held, in a similar case, that there can be no recovery for burial expenses. *Callaghan* v. *Lake Hopatcong Ice Co.,* 40 *Vroom* 100.

In the same case we held that the damages recovered by the father must be confined to the period of the son's life.

In the present case, the declaration avers the death of the son on the very day of the injury. The son was only. nine years old, and, although it has been held that even such slight acts of service as can be performed by a child of such tender years may be the basis of an action (*Magee* v. *Holland,* 3 *Dutcher* 86), the difficulty in the present case is that the declaration fails to show any loss of the child's services prior to his death. The claim is for loss of services *from* the date of death. The Callaghan case, cited above, holds that damages are not recoverable by the father for the loss of services caused by the death of his son. For such damages the action must be brought under the statute in the name of the personal representative.

There must be judgment for the defendant.