June 18th, 1904.

————o————

No. 3467.

(Court of Appeal, Parish of Orleans.)

RAMONEDA BROTHERS vs J. MIKLETISCH.

1. Where the writ of attachment sued out against a non-resident has, according to the provisions of Art. 254 C. P. been duly served, but not the summons or citation, the cause should not be dismissed but continued for further service according to law. 50 A. 170.

2. A supplemental petition which does not change but simply

296

amplifies the issue tendered should be allowed.  C. P. 156. ˙40 A. 10.

Dufour, J., dissents.

Moore, J., concurs in the opinion of the Court in a separate opinion.

Appeal from Civil District Court, Division D.

R. J. Maloney, for Plaintiffs and Appellants.

Ross E. Breazeale Curator ad hoc, for Defendant and Appellee.

BEAUREGARD, J.  This is an appeal from the Judgment of the Court a qua dissolving a writ of attachment by the plaintiffs who had set up Defendant's indebtedness to them in the sum of $571.68.

Defendant, it was alleged, was a resident of Houston, Texas, and the appointment of a curator ad hoc was prayed for and obtained.

Defendant it appears had, by the Morgan, La. & T. R. R. & ˈ Steamship Co., shipped, consigned to himself and to Gragard & Co., Ltd., three car loads of oak staves, these were the subject of the atttachment.  The R. R. Co., made Garnishees, answered admitting their receipt of these car loads of staves, but claiming their privileged rights thereon for reimbursement of their freight charges and other incidental expenses.

Thereupon an agreement was entered into between all the parties litigant: Plaintiffs, defendant—through his curator ad hoc, the garnishees and the firm of Gragard & Co., Ltd., whereby the prompt sale of these staves was confided to the last named party; the charges to be paid and the net residue to be deposited in the Registry of the Court.

Following this agreement, or on the same day it was entered into, Defendant, through his Curator ad hoc, moved to dissolve said attachment, on the ground that "the citation to him for execution and issuance of the writ was illegal and void;" because, as against an absent defendant, the law for issuance and execution of said writ had not been complied with.  There is of record no evidence except what appears from the face of the prayer of the petition, none on behalf of Defendant in rule; nor is there on behalf of the latter any exception or other proceeding urged to either defeat the motion or require of mover in rule more specific allegations than those therein set forth and referred to above.

Defendant in the attachment stands squarely on Article 254 of C. P., and cites a number of authorities which hold that the absorvance of all of the formalities prescribed by this article are sacramental, whilst their omission is fatal.

That from the prayer of Plaintiffs' petition—on which the rule to dissolve is predicated—it is apparent that the pre-requisites to the attachment proceedings had been omitted, for the postings of the citation and writ of attachment had not been asked for, and that in fact no such posting was done.

Plaintiffs urge on the contrary that this was a matter of fact which should have been proven by the plaintiff (Defendant) in rule which was not done.

The Court a qua considering doubtless from the returns of the Sheriff, that no such posting had been made dissolved the attachment.

From the record it does in fact appear that the citation never was posted, and had been, however, properly served on the curator ad hoc; but that the writ of attachment and the Sheriff's return of his seizure thereunder had, not only been posted on the Parish Church (The Cathedral) but also on the door of the Court from which the writ issued. The Court had, therefore, so far as the subject matter in dispute was concerned acquired full jurisdiction.

This case presents stronger features than those reviewed by the Supreme Court in 50 A. 170; State ex rel Griffith vs Reid on certiorari, in which case attachment proceedings had been instituted against an absentee. The question was raised of the constable's failure to comply with Art. C. P. 1120, substantially the same as Art. C. P. 254, in affixing a copy of the citation and of the attachment to the door of the room in which the suit was pending. These attachment proceedings were, however, followed by a judgment both in the Court of first instance and the appellate (the District) Court in plaintiff's favor. These decrees were held to be nullities, and the case was remanded; the Supreme Court holding that "the Constable (who had in an affidavit declared the fact of proper service)" will have to make a return showing that service was made by affixing copies of citation on the Court House door xxxxx or, if no service has heretofore been made, he will have to make it and a proper return. Hence it was adjudged that, "the suit, demand and writ of attachment be reinstated on the docket of the Court of first instance and proceeded with according to law."

1. In the instant case, following the dissolution of the attachment, plaintiffs moved for a new trial, swearing in their application that they had, (notwithstanding due diligence on their part), just discovered that the Curator ad hoc, even before the motion to dissolve, had become Defendant's special Counsel; and in this Court urge substantially that whatever defects existed or could have existed in the service of the citation in the attachment, that its service on this special Counsel had, in fact cured every defect.

2. Further, that the agreement, referred to above, for the sale of the Staves and the deposit of the proceeds in the registry of the Court, there to await its final action, amounted under the following

authorities: 41 A. 284, 44 A. 87, to a waiver of all antecedent defective legal proceedings..

And further, that plaintiffs having been mistaken as to the full amount of their claim against the defendant which instead of $521.68 as originally prayed for, amounted to $744—they had filed and had served a supplemental petition to that effect which had not been entertained by the Court a qua.

Under the decision quoted "supra" 50 A. 170, the first and second grounds urged are of no moment here, for inasmuch as compliance with the views held in that decision will be required, the case will be remanded for a new trial, also, for the filing and consideration of the supplemental petition referred to subject however to whatever objections which in the discretion of the trial Court, it may deem pertinent.

The supplemental petition tendered did not change, but simply amplified the issue. C. P. 156. 40 A. 10.

It is therefore, ordered and decreed that the judgment appealed from be and the same is avoided and reversed, and it is now ordered and decreed that this cause be remanded to the lower court with instructions to grant a new trial; to also permit the filing and service if this has not already been properly done, of the supplemental and amended petition; and finally that the right be reserved to the Plaintiff to make and cause to be made all further and legal service required by law, and that this cause be then further proceeded with according to law.

Dufour, J., dissents on the authority of Elder vs. Ludeling, 50 An. 1078.

June 18th, 1904.

### CONCURRING OPINION.

1. An uniform and unbroken line of decisions of the Supreme Court has settled it, that where the writ of attachment sued out against a non-resident has been duly served according to the provisions of Art. 254 C. P., but the summons or citation on the petition has not yet been served, the penalty is not dismissal of the suit, but the cause is continued for further service according to law. 24 A. 512; 26 A. 740; 18 A. 481; 12 R. 540; 13 A. 405; 9 A. 550; 50 A. 170.

2. Elder & Davis vs. Mrs. Ludeling, 50 A. 1077, is not in conflict with the cases cited supra, for as much as in that case the attachment which is the foundation for the action, had not been properly served, and hence jurisdiction had not attached quoad the *rem*.

MOORE, J.    Whilst I fully concur with my brother Beauregard in the views expressed by him, and concur, of course,

299

in the decree pronounced, I have thought it not amiss to state in a separate opinion the reasons which influenced me in my concurrence.

I will confine myself, however, to that branch of the case only which looks to the remanding of the cause for the purpose of allowing proper service of the summons or citation on the petition to be made. On this branch the question is:

Where an attachment issued against a non-resident and the Sheriff has actually levied on property of the non-resident, found within the jurisdiction of the Court, and has duly "served the attachment xxxxx by affixing copies of the same on the door of the room where the Court in which the suit is pending is held," according to the requirements of Art. 254 C. P.; but where *only* the citation to answer the petition, required by Arts. 178 et seq; to be served on all defendants, whether residents or non-residents, was *not served, as was the attachment,* by posting the same, "on the door of the room where the Court in which the suit is pending is held," and which is the mode of such *service* under Art. 254 C. P., but was served by handing same to the Curator-ad-hoc, does the improper service of *that* citation—the citation to answer the petition—dissolve the attachment, divest the Court of jurisdiction and necessarily dismissing the cause, *no default having as yet been taken or applied for and of course no judgment having been rendered in the suit on the merits?*

The facts, in addition to those stated by my brother Beauregard, are as follows:

This suit was filed on the 24th February, 1904, and on the same day a writ of attachment was issued, and was duly executed by the seizure of certain property in the hands of a third person. On the 8th March, 1904, the agreement stated in my brother's opinion was entered into.

On the 10th March, 1904, the Curator-ad-hoc moved the dissolution of the attachment on the following ground:

"That the citation obtained by said Romoneda Bros., plaintiffs herein, as a basis for the issuance and execution of such writ of attachment, is illegal and void, for the reason that the provisions of the law governing the issuance and execution of such a writ against an absent defendant have not been complied with." No default had been taken in the cause and none asked for, and, of course, no judgment had been rendered.

The Court dissolved the attachment reserving to the absent defendant the right to claim "all damages sustained by him from the wrongful issuance of said writ."

From the judgment the plaintiffs appeal.

The Sheriff's return on the writ which is found in the record is to the effect that defendant was notified of the writ and its execution "through," quoting the language of the Sheriff's return, "the

300

Curator-ad-hoc; posted a copy of the within writ to the door of the Church of St. Louis, the Parish Church, *and also a similar copy of the within writ, and to the door of Division D where this Honorable Court holds its sittings.*" So far as the petition and the citation thereon is concerned, the latter being properly addressed to the Defendant, they were served, according to the Sheriff's return, on the Curator-ad-hoc.

Pretermitting the fact that "citation" is not the *basis* for the " *issuance and execution*" of the writ of attachment against a non-resident, as is claimed in the motion to dissolve and as fallaciously argued by the Curator-ad-hoc, but that, on the contrary, the "issuance and execution" of the writ, supplemented 'by subsequent formalities form the *basis* for and, in themselves, constitute an investiture of jurisdiction, it would seem clear from the specific averment of the alleged "illegal and void," "issuance and execution" of the writ that it referred to the fact that some provision of the law necessarily preceding the issuance of the writ, had not been complied with, as for instance the absence of an affidavit, or an order, or of a bond; or that the Sheriff in fact held no writ, or had not actually levied upon any property belonging to the absent defendant or had not performed the final act, without which the jurisdiction of the Court would not attach, id est to "*serve the attachment,*" and to serve it in the manner required by Art. 254.

We learn, however, but from the printed and oral argument only, of the Curator-ad-hoc, that it is not to the *service of the attachment* that the claim of illegality and nullity is made, (as it may not be as that service was made in strict and litteral compliance with the law), but to the *service* of the usual and necessary citation required in all cases, whether the defendant be resident or non-resident, or the suit be an ordinary one or an attachment, foreign or domestic, *id est;* the citation to answer the petition.

Bearing in mind these elementary principles: 1st. That attachment in a suit against a non-resident is not a conservatory act, a remedy or an incident to a main demand, but is on the contrary, the very foundation for the action and constitutes, in the strictest sense of the term, an action *in rem;* 2nd. That the *rem* must be in *custodio legis* in order to vest the Court with *jurisdiction;* 3rd. That the Court's possession of the *rem* must be strictly in accordance with the mode provided by law; and 4th. That *citation* to bring the person against whom the action is instituted into Court to answer the demand, whether that person be a resident or a non-resident, or whether the proceeding be either *in rem* or in *personam*, is entirely different and distinct from *jurisdiction*, ready solution of the question may be found.

It may not be disputed that actions of whatever nature against a non-resident presupposes some thing upon which the jurisdiction of the Court can rest. If the proceedings be by attachment, it is the possession by the Court of the property of the defendant found

301

within the State and on which the judgment of the Court is to operate, that invests jurisdiction.

Without this the Court can have no jurisdiction.

It is, however, not upon the mere *issuance* of the writ, nor upon the mere physical possession of the absent defendant's "property by the officer executing the writ and holding the property thereunder," that jurisdiction rests. It rests solely and exclusively upon the execution of the writ in strict accord with the provisions of the law. When not so executed the non-resident's property is not lawfully in the Court's possession, and hence the Court is without jurisdiction.

Under Arts. 253 and 254 C. P. an essential prerequisite to the validity and legality of the execution of the writ is that it shall be served upon the absent defendant. Unless it has been served, and served in the manner provided by these articles, the execution of the writ is ineffectual, nugatory, null and void, and this has been decided so frequently and uniformly that it would be but supererogatory to cite the cases.

As neither a personal nor a domiciliary service may be able to be made in the case of a non-resident, Art. 354 C. P. provides that "the Sherfff shall serve the attachment xxx by affixing copies of the same on the door of the room where the Court in which the suit is pending is held." When this is done *then* there is a *consummation* of the execution of the writ, and from that instant the Court is lawfully in possession of the *res* and *instanti* the jurisdiction of the Court is vested to determine the controversy between the parties on the merits and to execute the judgment, to be rendered, against the property attached.

Jurisdiction now being invested in the Court may it at once proceed to hear and determine the cause on its merits? No. Why? Simply because a defendant, whether he be resident or non-resident, whether the suit be an ordinary one or a proceeding by attachment, foreign or domestic, may not be adjudged on the merits of the cause instituted against him, until he be summoned "either to comply with the demand contained in the petition of which a copy accompanies the citation, or to deliver his answer to the petition, etc., etc." C. P. 179 or, unless, by his voluntary appearance in the cause, he has waived citation. The law requiring citation is a general one, applying in its form, and as to its necessity, alike to all persons, whether residents or non-residents. The manner of its service, however, is different in the two cases. If the defendant be a resident the citation may be served in two ways, by being delivered to the defendant in person or by being left at his domicile, Art. 187 C. P. In the case of a foreign attachment the service may be made of course on the defendant himself if he should be found in the State; but if he be "absent or reside out of the State," the "Sheriff shall serve the xxxxx citation by affixing copy of the same on the door of the room where the Court in which the suit is pending is held." C. P. 254.

302

No other service will suffice, and until such service is made, unless, of course, the absent defendant has done some act which waives the citation no default may be entered against him and no valid judgment in the cause may be rendered. But this rule is not applicable alone and peculiar to the non-resident defendant. It is equally as true of the domestic defendant. Both must be legally summoned to answer the petition. As against neither the one nor the other, in the absence of citation or waiver thereof, may the plaintiff proceed to judgment.

As the effect of non-service and non-waiver of citation in either case would render absolutely null and void a judgment rendered in the cause, it logically follows that the rule of law, whatever it may be, is alike, in both instances, as to the disposition which should be made in either instance, of a cause in which, jurisdiction being assumed citation had not yet been served, or improperly served which is the same thing, and in which no default had been entered or judgment taken. Assuredly the rule of law is not to dismiss the case, no matter what may be its nature nor against whom instituted, and when no attempt is made to send it to judgment, simply because the defendant had not yet been summoned to answer the petition. In the instant case the writ of attachment as shown had legally issued, was legally executed and was legally served; the Court's jurisdiction over the subject matter is unquestionable, and it had in its possession the *res* upon which its jurisdiction rested, and yet, simply because the summons to answer the petition, not specially required in cases of this character, but necessary in all cases, had not been served, the Court dissolved the writ, abdicated its jurisdiction, and as a consequence dismissed the suit, reserving to the defendant his right to recover damages for what is said to be the wrongful issuance of the attachment, when the record shows that the attachment rightfully issued and was legally executed, and when as shown the only question in the case was the sufficiency of service of the citation on the petition which in no wise whatsoever concerned the legality of the issuance or execution of the writ.

The sole penalty for the non-service of the summons to answer the petition, whether in an ordinary suit against a resident defendant or in an attachment suit against a non-resident, is that no further proceedings may be taken in the cause until proper service of the summons is made, or until the defendant has by appearance in the cause or otherwise, waived citation. For this purpose it was the duty of the lower judge to have continued the cause.

It has been the invariable rule of the Supreme Court on appeals from judgments rendered on defective citations to remand the cause for further service; with but one exception which has not been followed, but on the contrary, disregarded. The following, among a number, may be cited: Shannon Admr vs. Goffe, 15 An. 98, Judgment on a citation made on defendant's attorney; judgment annulled and cause remanded for proper service. McCan & Harrel vs. Stmr Golden Age, 17 A. 91, no service of citation,

case remanded. Farmer vs. Hafley, 38 A. 234. Service was made on one as an agent of the defendant, from a judgment based thereon defendant appealed; on appeal the Supreme Court found that the person on whom the service was made was not the agent of the defendant. The judgment was reversed and the cause remanded for service.

McAlpine Receiver vs. Jones et al 10 A. 552, one of the defendants, Louisa Jones, objected to the mode of service on her. The character of the objection is not stated. The Court said that it did not appear whether the District Judge passed upon the exception or not, and added. "But we remark, that if the citation should be found defective, *it would not go to the dismissal of the action, but a new citation would be ordered.*" The solitary exception to this rule is Collier Tutrix vs. Morgans R. R. Co. 41 A. 37 in which service had been on one who was not a legal representative of the defendant Corporation. The lower court dismissed the suit. On appeal the judgment was affirmed. The cases relied on by the Court and cited as authority for its action were, 5 N. S. 429 which was in reference to citation on appeal; 4 La. 91 on which it held that citation had been waived, 5 La. 258, citation on appeal, waived by other defences; 10 R. 140 was a citation on appeal; 1 A. 323 want of citation caused by appearance; 17 A. 91 cause remanded for proper service; 21 A. 27, suit for nullity of Judgment where no remanding to cure the defect was possible; 21 A. 438 citation waived by appearance; 23 A. 803 waived by appearance; 31 A. 803 nullity of Judgment; 35 A. 130 want of citation on appeal, held cured by urging other defences; 38 A. 759 want of citation cured by appearance, not one of which supports the rule announced by the Court or pursued the course adopted by it. Since, then, however, the Supreme Court has had reason in at least two cases to pass upon the identical question, and have followed the rule laid down by all the decisions prior to the case in the 41st Annual, supra.

In State ex rel Yazoo etc. R. R. Co. vs. Judge etc., 48 A. 1417 citation against the railroad was improperly served, and a judgment based on that illegal service was rendered against the Company. On *certiorari* to the Supreme Court, the judgment was annulled or rather "declared absolutely null and void on the ground that the citation upon which it was based is illegal not having been directed to the defendant," but added the Court "without prejudice to the plaintiff's right to proceed to judgment on a proper citation." And so again in State ex rel New Iberia Tel. Co. vs. Judge 50 A. 671, precisely a similar case, the same decree was made.

But it is said that all these are cause of want of citation in causes of resident defendants, and not, as in the instant case, of non-residents. The rule as we have shown is alike in all cases. In this respect the non-resident defendant, has no greater rights than the resident defendant. The same Statute which provides for citation of the one applies likewise to the other and all the rules of interpre-

304

.tation save as to the mode of service, concerning citation are applicable to all litgants.

But there are equally as many authorities on this point in which non-residents are the defendants and where a substituted service brings them into Court, as there are where the defendant is a resident, and here are a few of them:

Connell vs. Medlock 24 A. 512 was a suit by foreign attachment. The *citation* was posted as required by law, but the record did not show that the attachment was. This formality, the Court held must be strictly complied with and that the judgment rendered under this circumstance must be set aside; but the court ordered "that this cause be remanded in order to make service of citation according to law and for a new trial."

Meritz vs. Marks 26 A. 740 was an attachment suit. No curator ad hoc had been appointed on whom the law requires the petition to be served. On appeal from a judgment against the defendant the judgment was annulled, and the case remanded for a new trial and to be proceeded with according to law.

Galoche vs. Groot 18 A. 481, an absent defendant was brought into Court by a *citation addressed* to the Curator instead of to the defendant and *served* on the Curator. From a judgment based on that service, the defendant appealed. The Court said: "For purposes of justice the law allows, in certain cases, a fictitious citation in place of a real one, and it is necessary that the formalities required to operate the legal fiction should be strictly observed." The judgment was reversed but the case "remanded for further proceedings in accordance with law."

In Carpenter vs. Beatty 12 R. 540, a Curator ad hoc had been duly appointed; he had, however, never been cited but appeared and answered the cause.. There was judgment against the absent defendant and he appealed. The Court held that the Curator could not waive citation by appearing and answering; that the judgment was consequently rendered without citation, and it was declared null and void The Court saying, however:

"This action, however, appears to have been properly instituted, and the order appointing a curator ad hoc to the absent defendant was legally rendered. We think, that although the subsequent proceedings were irregular and illegal, this suit ought not to be dismissed; but that justice requires it should be remanded to the lower court to be reinstated on its docket as a suit newly commenced to be proceeded with in accordance to law." And the Court so decreed.

In McDonald vs. Vagin 12 A. 405, the Court acquired jurisdiction of the defendant by a sequestration of his property. The petitioner asked for the appointment of *an advocate* to represent the absent defendant and *an advocate* (a member of the bar) was appointed. Citation was served on the *advocate*. The defendant filed two exceptions to the suit. The first to the want of citation.

The second, to the jurisdiction of the Court. The latter was sustained by the Court below, and the suit was dismissed. On appeal the Supreme Court decided that the Court had jurisdiction by the sequestration of the property. But that the exception to the want of citation was well taken, and, under the authority of 10 A. 552, cited *supra* it remanded the cause for a new citation.

"Mithoff vs. Dewes et al 9 A. 550 was a case of a foreign attachment neither the attachment nor citation was posted when the curator ad hoc filed his answer. Some time after the answer was filed this essential formality was complied with. Reserving the facts and referring to the delayed posting, which was a month after the appointment of the Curator ad hoc, the Court said: We have no doubt that after the attorney filed the answer it was discovered that the attachment and citation had not been posted, and the cause was delayed to have that essential formality fulfilled, but as property of defendant had been attached and was then under seizure, we can not perceive *why the posting might not be subsequently made.* The question is whether at the time the judgment was rendered the defendant had been cited by *the service of the attachment in the manner required by law.*" In State ex rel Griffith vs. Judge 50 A. 170, neither the attachment nor the citation had been posted, but the Court after setting aside the judgment rendered, remanded the cause for proper service. The views which we have expressed as to the difference between the service of the attachment so as to vest jurisdiction, and the service of the summons or citation so as to authorize the plaintiff to proceed to judgment is fully supported by all the authorities cited above and particularly by Elder & Davis vs. Mrs. Ludeling 50 A. 1077.

That was an attachment suit against an alleged non-resident. Motion was made below to dissolve the attachment on the grounds: "1st. Because the defendant had not been legally cited, and 2nd. Because the writ had not been properly served as the law directs." The motion was denied and after trial on the merits there was Judgment in favor of the plaintiff for $5610.30 and sustaining the writ. On appeal the Supreme Court, on *original hearing* found that there was "No citation directed to the defendant, and that the only process by which the plaintiff sought to obtain a judgment against the defendant was through a curator ad hoc;" and it also found that the writ of attachment "was served by handing a copy to E. T. Lampkin curator ad hoc." Citing the 354 Art. C. P. and the authorities thereunder to the effect that the formalities prescribed in that article must be strictly complied with upon pain of nullity, the Court said: "In our opinion, it is clear that there was neither legal service of citation *or writs of attachment* and sequestration, and that the Court below erred in failing so to decide," and the judgment was reversed and the suit dismissed. Here it will be noticed that there was not wanting simply a proper service of the summons to answer the petition, but that there was absent, to use the language of the authorities (15 A. 711 and other cases cited),

the very foundation of the action," the only thing upon which the jurisdiction of the Court could rest *id est, property of the absent defendant legally in the custody of the Court.*

Neither a fictitious service by posting the citation, nor indeed a personal service on the defendant would be sufficient to give life to an attachment which had not been legally and validly served; hence it was that when, on rehearing the Court found that it was in error in holding that the summons or citation had not been served, but when it was then advised that there had been a *personal* service of the citation on the defendant, it amended its decree so as to affirm the judgment in *personam* against the defendant, but as a matter of course held: "That the service of citation upon the defendant, in person though it were, had no effect upon the record or the rights of parties thereunder xxxxx and that it could not and did not have the effect of giving life to an attachment which had not been legally and validly served." If, however, on the 16th January, 1896, when the writ issued in that case, its execution had been consummated by posting it as directed by Art. 254 C, P. can one doubt that the subsequent personal service on that defendant on the 25th March, 1896, would not have been sufficient to have maintained both personal judgment and attachment? Nor is it to be assumed that if the attachment in that case had been legally and validly served," but the summons or citation to answer the petition had not yet been served, or had been served improperly, the Court would have disregarded all authorities, and have dissolved the attachment."

The whole argument of the question in that case is bottomed on the proposition that the validity of a foreign attachment and the service of the citation upon the defendant are separate and distinct things, each subserving different purposes and accomplishing different results; that valid service of citation can not legalize an attachment, nor can an invalid service of citation viciate or destroy a valid attachment. The law fixed no time within which after the execution of the attachment, the citation must be served, so that if defendants contention be correct the logical result would be that if the posting of the citation is not made simultaneously with the posting of the attachment, the curator ad hoc may instantly go into Court and dissolve the attachment. This is an extreme example, but unless this question is to be determined by general principles certainly the defendant may dissolve the attachment at any time subsequent to the service of the attachment and prior to the service of the citation, if failure to serve the latter at all concerns the validity of the former.

Determined by general principles and on reason and authority the failure to serve the citation does not affect the validity of the attachment; if that latter has properly issued, been duly executed and validly posted, the only effect of the non-service of the citation is to stay all subsequent proceedings until such service is made. The decree prepared by my Bro. Beauregard declares that this

307

judgment should be reversed and the cause remanded with instructions to grant a new trial and with leave to the plaintiff's to make the proof as stated in the motion for a new trial; the right to have filed and served the supplemental and amended petition be recognized and the right to make all further and legal services accorded the plaintiff, and in these I fully concur.