## HUTCHINSON v. WEST JERSEY & S. R. CO.

(Circuit Court, E. D. Pennsylvania. May 27, 1909.)

No. 404.

DEATH (§ 84\*)—DAMAGES RECOVERABLE FOR WRONGFUL DEATH—NEW JERSEY STATUTE—"PECUNIARY INJURY RESULTING FROM SUCH DEATH."

Under Act N. J. March 3, 1848 (P. L. p. 151), as amended by Act March 31, 1897 (P. L. p. 134), authorizing the recovery, in case of wrongful death, of damages for the "pecuniary injury resulting from such death" to the wife and next of kin of the deceased, as construed by the Court of Errors and Appeals of the state, surgical expenses incurred by the father of a

---

minor child, who is also next of kin, in consequence of an injury which caused the death of such minor, are not recoverable.

[Ed. Note.—For other cases, see Death, Cent. Dig. § 110; Dec. Dig. § 84.*

For other definitions, see Words and Phrases, vol. 6, pp. 5257, 5258.]

At Law.   On motion for new trial.

Harris S. Sparhawk and Wilson, Rogers & McAdams, for plaintiff. John Hampton Barnes, for defendant.

J. B. McPHERSON, District Judge.   The plaintiff in this case is not only the administrator of his minor daughter, but is also her next of kin, and the suit is therefore brought for his individual benefit. The only point now to be determined is whether the jury should have been permitted to allow as an element of damage the amount paid by the plaintiff for surgical services rendered to the child in the effort to save her life after she had been injured by the defendant's negligence.   The question must be decided according to the statute of New Jersey, for the injury was inflicted and the plaintiff's rights arose in that state.   The statute provides as follows (Act March 3, 1848 [P. L. p. 151], amended by Act March 31, 1897 [P. L. p. 134]):

"Section 1. That whenever the death of a person shall be caused by a wrongful act, neglect, or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who, or the corporation which, would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony.

"Sec. 2. Every such action shall be brought by and in the names of the personal representatives of such deceased person; and the amount recovered in every such action shall be for the exclusive benefit of the widow and next of kin of such deceased person, and shall be distributed to such widow and next of kin in the proportions provided by law in relation to the distribution of personal property left by persons dying intestate; and in every such action the jury may give such damages as they shall deem fair and just with reference to the pecuniary injury resulting from such death to the wife and next of kin of such deceased person. * * * "

Under this act the verdict is intended to compensate the "pecuniary injury resulting from such death," and to such pecuniary injury the jury must therefore be confined.   Now, when a minor child is killed, as was the case at bar, the pecuniary injury resulting from the death is the lost value of the child's prospective services to the parent during minority.   Nothing else is recoverable under the statute, as the Court of Errors and Appeals has expressly decided.   In Consolidated Traction Co. v. Hone, 60 N. J. Law, 444, 38 Atl. 759, the court held that funeral expenses could not be recovered, and approved the follownig quotation from Paulmier v. Railroad Co., 34 N. J. Law, 151:

"The pecuniary injury designated by the statute is nothing more than a deprivation of a reasonable expectation of a pecuniary advantage which would have resulted by a continuance of the life of the deceased, and it is upon this principle that our statute is to be applied."

The Court of Errors and Appeals added:

"The damages recoverable are for those benefits only of which the next of kin are deprived by the decedent not living, and are to be distributed among the widow and next of kin to the exclusion of creditors. No part of the sum recovered can be applied to the payment of funeral expenses."

This ruling is, I think, decisive. If there can be no recovery for funeral expenses in an action brought upon the right given by the statute, it is not easy to see how a recovery can be permitted for surgical expenses that were incurred before the decedent's death, and were therefore not the consequence of that event; these expenses, moreover, being for services which the father was himself primarily bound to furnish without charge to the minor. The cases of Callaghan v. Ice Co., 69 N. J. Law, 100, 54 Atl. 223, and Ferguson v. Telephone Co., 71 N. J. Law, 59, 58 Atl. 74, are not in point. These were suits that were not brought on the statutory right at all, but upon the right growing out of the common-law relation of master and servant that exists between a father and his minor child.

A new trial is refused.