## CHARLES KOWALSKY
### vs.
## JOHN D. LEONARD, ET AL.

Superior Court      Hartford County      File #54142

Present: Hon. ERNEST A. INGLIS, Judge.

Jacob Dunn;
Edward Pomerantz,      Attorneys for the Plaintiff.

Pelgrift & Blumenfeld,      Attorneys for the Defendants.

## MEMORANDUM FILED OCTOBER 6, 1936.

INGLIS, J. This demurrer raises the question as to whether a father may recover from a tort-feasor for the loss of the services of his minor son resulting from the wrongful death of that son.

It is fundamental that, at common law no cause of action would lie in favor of anyone for wrongful death and this rule has been almost universally applied so as to deny to surviving husbands the right to recover for loss of consortium resulting from wrongful death of their wives and to surviving parents of children killed by the wrongful act the right to

recover for loss of services after the death.

Schouler, Domestic Relations, 6th Ed. Vol. 1, Sec. 762; Smith vs. Tucker (Tenn.) 270 S. W. 66, 73; Grosso vs. Delaware L. & W. R. R. Co., 50 N. J. L. 317, 13 Atl. 233; Myers vs. Holborn, 58 N. J. L. 193, 33 Atl. 398; Callaghan vs. Lake Hopatcong Ice Co. (N. J.) 54 Atl. 223; Sherman vs. Johnson (Vt.) 2 Atl. 707; Sullivan vs. Union Pac. R. Co. 2 Fed. 447.

The only doubt that such is the law of this state arises by reason of the case of Cross vs. Guthrey, 2 Root 99. In that case a husband was suing for loss of consortium resulting from the death of his wife caused by malpractice. The verdict had been for the plaintiff and a motion for arrest of judgment had been made on the ground that the offense charged was a felony and the private injury was merged in the public offense. That contention of course was one of the reasons upon which the common law rule forbidding recovery for wrongful death was based. The court in deciding the case and upholding the verdict said simply that the rule contended for "is applicable in England only to capital crimes where from necessity the offender must go unpunished or the injured go unredressed".

The doubt raised by that case seems to be definitely dispensed, however, by the case of Connecticut Mutual Life Insurance Co. vs. N.Y. and N.H. R.R. Co. 25 Conn. 265. In that case the plaintiff was seeking to recover the amount it had been called upon to pay under one of its life insurance policies by reason of the wrongful death of one of its insured caused by the defendant. The right of recovery was denied and one of the grounds given for that denial was that "the common law is that the death of a human being whatever may be its consequences in a pecuniary or in any other aspect is not an actionable injury".

The reason for the common law rule against recovery for wrongful death was not only that the private injury was merged into the public offense. It was rather because it was offensive to common sensibilities to try to compensate with money for the death of a human being and because it would be an impossible task to attempt to compensate relatives. creditors and everyone else who was injured by the death. It would seem clear, therefore, that we should accept as the stating of the law of this state the later and more fully reas-

oned opinion in **Connecticut Mutual Life Ins. Co. vs. N. Y. and H. R. R. Co.** rather than the earlier and briefly stated dogmatic opinion in **Cross vs. Guthrey.** This is particularly true because it has been stated in many cases since then that at common law there was no cause of action for wrongful death.

**Broughel vs. So. N. E. Tel. Co., 72 Conn. 617.**

It is therefore concluded that the law in this state is that, except as provided by statute, there is no cause of action in favor of anyone for damages resulting to him from the wrongful death of another person. Specifically the common law of this state is that a parent has no cause of action to recover for the loss of his child's services resulting from the death of the child.

It is obvious that the only statute which has any bearing on the subject, namely the Wrongful Death Statute, does not give a parent that right. The parent's cause of action for loss of the services of his child resulting from a tort is one which is different and distinct from the cause of action which the child himself has.

**Shiels vs. Audette, 119 Conn. 75.**

The only cause of action which the Wrongful Death Statute creates is the right to recover for the damage resulting to the decedent's estate by reason of the death. It makes no mention of a cause of action for loss of the services of the decedent. Moreover, the cause of action created by the statute survives only to the personal representative of the decedent. The statute saves no cause of action to the parent of the deceased.

It can hardly be contended therefore that there is any cause of action provided for by statute for the benefit of a parent to recover for the loss of his child's services resulting from the wrongful death of the child.

For the foregoing reasons the demurrer is sustained.