HELEN LaROSE, ADMINISTRATRIX ET AL. v.
ITZEL M. ROSENBLATT

SUPERIOR COURT     HARTFORD COUNTY     FILE No.77518

Memorandum filed November 21, 1946.

*Arthur W. Feinstein* and *Cole & Cole*, both of Hartford, for the Plaintiffs.

*Schatz & Weinstein*, of Hartford, for the Defendant.

INGLIS, J. The first three counts of the complaint in this action allege causes of action in favor of the named plaintiff for the wrongful death of a child, Albert LaRose, Jr. The fourth count purports to set up a cause of action on behalf of the other plaintiff, Albert LaRose, who was the father of the decedent, to recover hospital and medical expenses incurred by him as a result of the injuries sustained by the decedent by reason of the defendant's alleged torts. The demurrer is on the ground that no such cause of action exists.

It has been definitely decided in this state that a father is not entitled to recover for the lost services of a son who has been wrongfully killed. *Lucier* v. *Hittleman,* 125 Conn. 635; *Kowalsky* v. *Leonard,* 4 Conn. Sup. 219. Briefly, the reason for the rule is that the cause of action for loss of a son's services, although direct against the tort-feasor, is derivative from the

son's cause of action in the sense that if the son has no cause of action then the father can have none. *Shiels* v. *Audette,* 119 Conn. 75, 77. At common law the son would have no cause of action for wrongful death. Accordingly, at common law the father would have no cause of action for loss of the son's services based upon a tort which resulted in his son's death. The son's cause of action has been made to survive to his personal representative by General Statutes, Sup., 1939, § 1432e, but neither this statute nor any other has provided for the survival of the father's action.

The precise cause of action alleged in this case is not one for loss of the son's services but is rather for expenses incurred by the father by reason of his obligation to support his child. There is, however, no logical distinction between the two. Whatever right the father has to recover either for loss of services or for expenditures made by him flows from the parent and child relationship. If it were not for that relationship the father would have no right to recover either, even in a situation in which he could recover. Clearly, therefore, he personally is in no better position to recover for medical and hospital expenses incurred by him than he is to recover for loss of services.

For the foregoing reasons, the demurrer to the fourth count of the complaint is sustained. It, of course, follows that the demurrer to the prayer for relief based upon that count must also be sustained.